Angela Colavecchio vs. Pasquale Ferraro, et al. } Eq. No. 10770.

March 19, 1932.

BLODGETT, P. J. Heard upon bill, answer and proof.

Prayer of bill that title to strip of land in controversy be declared in complainant by adverse possession and that respondents be enjoined from erecting a fence on said land.

Complainant obtained title by warranty deed from Louise L. Arnold and others, March 20, 1917, of a lot of land delineated on a plan of same introduced in evidence and marked Complainant's Exhibit 2.

The southerly line, 28.50 feet, fronts on Kenyon Street; the easterly line runs 80 feet northerly along land of respondents. Between this easterly line of complainant's land and the buildings upon land of respondents lies the strip of land in question.

In 1925 complainant built a garage, shown on said plan in the rear of her land, and since the erection of said garage a son of complainant has used that portion of said strip between the easterly line of complainant's land and the house of respondents in driving back and forth to said garage.

The respondents received a warranty deed from Lucian A. Cook on March 20, 1930, (Respd'ts' Ex. B), bounding said land as follows:

Southeasterly on Kenyon Street 53 feet more or less; southwesterly on land now or formerly of Angelo

Colavecchio, and on land now or formerly of the estate of Charles A. Cook, 99 feet more or less; northwesterly on other land now or formerly of said Cook Estate, 44 1/3 feet, more or less; northeasterly on Kenyon Court, so called, 93 feet more or less.

This land is delineated on a plan introduced (Respd'ts' Ex. C), surveyed July, 1930, by A. Latham & Son.

Evidence on the part of complainant showed that she and other members of her family were accustomed to walk over said strip in going in and out of the complainant's premises.

Chap. 300, Gen. Laws 1923, "Of Title by Possession" in Sec. 5, provides:.

"No right of footway, except claimed in connection with a right to pass with carriages, shall be acquired by prescription or adverse use for any length of time."

Since there is no evidence previous to the erection of the garage that complainant has used said strip with carriages, such testimony is not evidence of adverse possession.

Complainant further testified that when Cook owned this land he was accustomed to go upon this land to make repairs to his house, and that when the blinds upon respondents' land were open, a car could not pass.

A daughter of complainant testified to having lived on premises of complainant for seventeen years and that there was no fence between the two houses; that the garage was built seven or eight years ago.

Louise Arnold testified that she sold the house to complainant in 1917 and that for four years previous thereto she had used said strip.

The most that can be said about the use of this strip of land by complainant and her predecessors in title and the respondents and their predecessors is that same was permissively used in common.

"Mere permissive use of a way, no matter how long a time it may have been enjoyed, will never ripen into an easement by prescription."

*Earl* vs. *Briggs*, 49 R. I. 6.

Since the burden of proof is upon complainant, the Court is of the opinion that complainant has failed to sustain such burden.

Bill is dismissed.

For complainant: O'Shaunessy & Cannon.

For respondent: Mortimer G. Cummings.